## Ohio County Board of Supervisors v. Green River Coal Mining Company.

(Decided June 22, 1923.)

### Appeal from Ohio Circuit Court.

Taxation—Exclusion of Acreage Containing no Minerals Held Proper, in Assessing Mineral Rights in Lands Listed for Taxation.—Where a coal mining company listed its mineral rights in

9,660 acres of land for taxation, but evidence showed nearly 3,000 acres had no minerals, and the company owned only the mineral rights, it was proper to exclude the acreage without minerals from the assessment.

CHAS. I. DAWSON, Attorney General, MARTIN T. KELLY, Assistant Attorney General, and OTTO C. MARTIN for appellant.

JOHN. B. WILSON and J. S. GLENN for appellee.

OPINION OF THE COURT BY JUDGE CLARKE—Affirming. upon both the original and the cross appeals.

For the year 1921, appellee listed its mineral rights in 9,660 acres of land, with the assessor, at $41,040.00. The board of supervisors raised same to $72,450.00, and upon an appeal to the quarterly court, the valuation was affirmed. The company appealed to the circuit court, where the assessable value was fixed at $50,325.00. From that judgment the board of supervisors prosecuted this appeal, and the company has filed a cross-appeal.

The valuation of $72,450.00 was ascertained by both the board of supervisors and the quarterly court by assessing the entire 9,660 acres at $7.50 an acre. The circuit court also fixed the assessable value of such of the 9,660 acres as had any merchantable minerals in them at $7.50, but the evidence on that trial now before us, shows, without contradiction, that 2,950 of the 9,660 acres have no minerals in them, and as the company only owns whatever minerals are to be found in the land, the circuit court excluded from its estimate this 2,950 acres, and assessed the remainder at $7.50 per acre.

All of the evidence relates to the value of these minerals by the acre, and no witness testifies as to their value as a whole, and, in our judgment, there is no merit in appellant's complaint of the court's action in excluding the 2,950 acres which bear no minerals from the calculation to ascertain the total value of the minerals.

Both parties complain of the court's finding from the evidence that the value of the minerals was $7.50 per acre, but this is not only the same value per acre as was found by the quarterly and circuit courts, and the same as fixed by the appellant itself at the hearing before it, but it is in our judgment amply supported by the contradictory evidence as to the salable value of these minerals which are inaccessibly located, as well

as by a comparison with the assessments of other similar properties much more favorably located.

Wherefore the judgment is affirmed upon both appeals.